IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00971-LTB

(Removal from Elbert County District Court, Case Nos. 2001DR76, 2007M191, 2010M112, and 2010T225)

MICHAEL LAFORTUNE,

    Plaintiff,

v.

LORA KRISTA,

    Defendant.

---

ORDER FOR SUMMARY REMAND

---

Defendant Lora Krista has filed a *pro se* document titled "Notice of Removal." She has paid the $350.00 filing fee. Ms. Krista seeks to remove to this Court four cases from the Eighteenth Judicial District in Elbert County, Colorado: Case No. 2001DR76, which appears to be a dissolution of marriage case; Case No. 2007M191, which Ms. Krista alleges is a criminal case against her for violation of a protection order; Case No. 2010M112, another criminal case for violation of a protection order; and Case No. 2010T225, which she identifies as a "traffic" case.

The Court must construe the notice of removal liberally because Ms. Krista is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be summarily remanded to the state court.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005). Pursuant to 28 U.S.C. § 1446(a), a notice of removal must include "a short and plain statement of the grounds for removal." Ms. Krista seeks to remove these cases to federal court pursuant to 28 U.S.C. §1443 because she allegedly has "not been able to enforce [her] Federal and Constitutional rights in the state court proceedings." Notice at 5.

With respect to the Ms. Krista's three criminal cases, the Court notes that she has not complied with the procedural requirements for removing these cases to this Court. First, a notice of removal in a criminal case generally must be filed within thirty days after arraignment unless good cause is shown. *See* 28 U.S.C. § 1446(c)(1). Ms. Krista does not allege when she was arraigned in any of the criminal actions she seeks to remove, but she does allege that she already has been tried in 2007M191. *See* Notice at 4. In fact, Ms. Krista already has appealed to the Colorado Court of Appeals from the judgment of conviction in 2007M191. *See id.* Although it is not clear whether Ms. Krista already has proceeded to trial in 2010M112 and 2010T225, she fails to demonstrate that removal of those actions is timely. Ms. Krista also has failed to comply with the procedural requirements for removal of a criminal action because she has not filed copies of "all process, pleadings, and orders" served on her in the state

court actions as required pursuant to § 1446(a).

Second, with respect to the jurisdiction question, Ms. Krista also attempts to remove from the state court a domestic case involving the dissolution of her marriage. As a general rule, the federal courts do not have jurisdiction over such matters because "'[t]he whole subject of the domestic relations of husband and wife . . . belongs to the laws of the States and not the law of the United States.'" *Rose v. Rose*, 481 U.S. 619 (1987) (quoting *In Re Burrus*, 136 U.S. 586, 593-94 (1890)). However, Ms. Krista asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1443. Notice at 2. Although § 1443 authorizes the removal to federal court of certain civil rights cases, the Court finds that the instant action may not be removed pursuant to § 1443.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Ms. Krista's conclusory reference to "a racist email forwarded to [her] from [her] estranged domestic and business partner and associate of Mr. LaFortune, William Spires" does not demonstrate that she has been denied any rights based on her race. Notice at 3.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)).  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966).  This requirement must be supported by specific factual allegations.  *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).  Ms. Krista has failed to provide the court with specific factual allegations regarding her inability to enforce her constitutional rights in the state court proceedings.  Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate.  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood*, 384 U.S. at 824.  Ms. Krista argues that removal under § 1443(2) is appropriate because she allegedly is a witness in a federal criminal case currently pending against Michael LaFortune.  Notice at 4.  However, the mere fact that Ms. Krista is a witness in a criminal case does not demonstrate that Ms. Krista is assisting a federal officer in performing official duties providing for equal rights.  *See City of Greenwood*, 384 U.S. at 824.  Ms. Krista's

unsupported and conclusory allegation is insufficient to provide grounds for removal pursuant to 28 U.S.C. § 1443(2)   Therefore, because it clearly appears on the face of the Notice of Removal and attached exhibits that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4).

Finally, the Court takes judicial notice that this is not the first instance in which Ms. Krista has filed a groundless action that has been summarily remanded to the state court. Through six prior actions in this Court, Ms. Krista has demonstrated a pattern of litigation that borders on malicious. *See Colorado v. Krista*, No. 07-cv-02332-DME (D. Colo. Jan. 31, 2008) (summarily remanded to Douglas County District Court); *Lafortune v. Krista*, No. 07-cv-02333-WDM (D. Colo. Nov. 7, 2007) (summarily remanded to Elbert County District Court); *Colorado v. Krista*, No. 10-cv-00230-ZLW (D. Colo. Feb. 10, 2010) (summarily remanded to Mesa County District Court); *Colorado v. Krista*, No. 10-cv-00231-ZLW (D. Colo. Feb. 10, 2010) (summarily remanded to Mesa County District Court); *Krista v. Spires*, No. 11-cv-01165-LTB (D. Colo. May 11, 2011) (summarily remanded to Elbert County District Court); *Lafortune v. Krista*, No. 12-cv-00522-LTB (D. Colo. Mar. 1, 2012) (summarily remanded to Elbert County District Court).

Ms. Krista is warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). Sanctions may be imposed under Fed. R. Civ. P. 11, even against a *pro se* litigant, if a pleading or other paper is not "well grounded in fact and . . . warranted by existing law." A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of the court. *See Ketchum v. Cruz*, 961 F.2d

916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991). Ms. Krista has the right to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354. Ms. Krista is instructed that if she continues to remove cases to this Court without grounds or jurisdictional basis for removal, the Court will subject her to sanctions, including monetary sanctions and injunctions from filing vexatious and repetitive pleadings. Accordingly, it is

ORDERED that this action is remanded summarily to the Eighteenth Judicial District in Elbert County, Colorado. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the Eighteenth Judicial District in Elbert County, Colorado.

DATED at Denver, Colorado, this  16th  day of   April   , 2012.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court